(No. 5098– )

GINO ASCANI AND MARY ASCANI, Claimants, *vs.* STATE OF
ILLINOIS, Respondent.

*Opinion filed January 12, 1965.*

KNIGHT, INGRASSIA AND ROSZKOWSKI, Attorneys for
Claimants.

WILLIAM G. CLARK, Attorney General; JOHN C. CON-
NERY, Special Assistant Attorney General, for Respondent.

DOVE, J.

On March 25, 1963, claimants filed their complaint, con-
sisting of Two Counts, in this Court seeking damages for
loss of value to claimants' property arising from the con-
struction of a bridge over the Rock River, and loss of busi-
ness in claimants' grocery store by reason of such construc-
tion.

The facts of the case are as follows:

In 1946, claimants purchased, and are still owners of
the following described real estate:

Lot Two in Block Twenty-two of Dunbar Addition to the City of
Rockford, situated in the City of Rockford, County of Winnebago and
State of Illinois.

This property, known as 790 and 792 North First Street,
Rockford, has a frontage of 66 feet facing easterly on the
west side of North First Street, and runs westerly a distance
of approximately 155.75 feet to an alley in the rear of the
premises. It is improved with two separate dwellings, a
grocery store building, and a building in the backyard. The
property is situated in an area where there are many Class
A residences occupied by one family, and a few multiple
dwellings.

In 1961, the State of Illinois commenced the construction of a bridge across the Rock River and an easterly approach to the bridge, and completed the same in 1962. Prior to the construction of the public improvement in question, Caroline Street, an east-west street in the City of Rockford, intersected North First Street one lot north of claimants' property. The State of Illinois acquired Title to the lot immediately north of claimants' property (purchasing other pieces of property in the area as well), and built the easterly approach to the bridge.

The approach is an embankment approximately fifteen feet higher than the original surface of Caroline and North First Streets. At the west end of the Ascanis' property, where the new bridge abuts, the slope reaches a height of eighteen feet above the original surface of the ground. The embankment is so constructed that it occupies the whole width of Caroline Street and the lot immediately north of claimants' property, Caroline Street is completely obstructed, and its use cut off from claimants' property. North First Street now swings to the southeast, and ties in with North Second Street, one block east of North First Street.

The jurisdiction of the Court of Claims to hear and determine claims for consequential damages to property not taken arising out of the construction of a public improvement is affirmed in *Tenboer* vs. *State of Illinois,* 21 C.C.R. 353. The proper measure of damages, if any, is the difference between the fair cash market value of the property immediately before and after the improvement. *Tipps* vs. *State of Illinois,* 21 C.C.R. 581.

Two experienced realtors, Lee Nelson Daniels and Frank G. St. Angel, testified that the market value of claimants' property before the construction of the improvement was $20,000.00, and that the market value of the property after the construction of the improvement was $15,000.00,

the difference being a loss of $5,000.00 in market value. On cross-examination, each admitted that $3,000.00 of the loss might be attributable to a general decline in market values in the neighborhood independent of the construction of the bridge and the approach thereto, but that $2,000.00 of the loss was unmistakably attributable to the adverse effect of the construction on claimants' property. It was stipulated by claimants and respondent that if one Clarendon Mower, Jr., a Rockford realtor and appraiser, whom the State proposed to call as a witness, but who was unavailable at the time of the hearing, was to testify, he would testify that "in his experience the damage attributable to the public improvement, based on before and after valuation of the Ascani property, would not exceed two thousand dollars."

Photographs of the property and immediate area taken before and after the construction show dramatically and conclusively the adverse effect of the improvement on claimants' property.

Considering the unanimity of testimony that $2,000.00 was the loss of market value to claimants' property arising from the construction of the bridge over the Rock River and its eastern approach (this testimony being supported vividly by the photographs in evidence), claimants are entitled to an award of $2,000.00.

We find no merit to the claim for damages because of "permanent loss of business due directly to the obstruction of both Caroline and North First Streets, abutting and in front of claimants' property." Mr. Ascani closed his grocery store in July of 1961 before the construction started, and there is no evidence in the record of loss of business.

An award is, therefore, made to claimants in the sum of $2,000.00.